*13
OPINION

The appellants in two cases sued Navajo Nation entities. In both cases, the appellants filed a notice of intent to sue stating the information required by 1 N.N.C. § 555(A)(2) is set forth in the attached complaint. The appellants’ claims were subsequently dismissed for lack of jurisdiction under the Navajo Sovereign Immunity Act (“the Act”) because they had failed to include the nature of their claims and relief sought in the notice itself as required under 1 N.N.C. § 555(A)(2). We affirm the lower court’s dismissals.
I
On May 10, 2012, the Window Rock District Court dismissed and closed the case of Long v. Navajo Shopping Centers, Inc., holding that the plaintiff “was unable to establish to the Court’s satisfaction compliance with the Navajo Sovereign Immunity Act.” Order of Dismissal at 2, Long v. Nov. Shopping Ctrs., WR-CV-236-09 (W.R.Dist.Ct. May 10, 2012). The following day (May 11, 2012) the District Court entered another dismissal and closure in the case of Barber v. Navajo Housing Authority, holding that the plaintiff had not complied “with the procedural requirements for suit under the Navajo Nation Sovereign Immunity Act.” Order of Dismissal at 1, Barber v. Nav. Housing Auth., WR-CV-51-10 (W.R.Dist.Ct. May 11, 2012). In both cases, the District Court determined that the plaintiffs had not complied with the jurisdictional condition precedent provision at 1 N.N.C. § 555(A)(2) of the Act, which requires that parties seeking to sue the Navajo Nation must provide notice to the President, the Chief Legislative Counsel[1] and the Attorney General, and such notices “shall state the name of each prospective plaintiff, the identity of each prospective defendant; the nature of all claims and relief which will be sought, and the correct address, name and telephone number of each prospective plaintiffs attorney or counselor (if any)”. In both matters the Appellants had attached a draft complaint to a notice of intent to sue. The notice, entitled “Notice of Claim,” stated an intent to sue, provided the counsel’s contact information and the name and identity of the plaintiff, and further stated that the attached draft complaint contained all information required by 1 N.N.C. § 555(A)(2). In dismissing both actions, the district court had deemed the notice of intent to sue and attachment of the draft complaint as insufficient pursuant to 1 N.N.C. § 555(A)(2). Subsequently, each of the Appellants timely filed their notice of appeal.
Because both complaints herein were dismissed for lack of subject matter jurisdiction for failure to comply with the procedural requirements of the Act, this Court will consolidate the two decisions of the lower court together to resolve the common legal issue.
At the outset, the Court notes that this is the first time parties have argued that a notice of intent to sue, whose necessary information is substantially set forth in an attached draft complaint, is sufficient to satisfy 1 N.N.C. § 555(A)(2) of the Act.
II
The sole issue in this appeal is whether 1 N.N.C. § 555(A)(2), which sets forth what a notice of intent to sue must contain as a jurisdictional condition precedent under the Navajo Sovereign Immunity Act, may be satisfied when the contents are not *14 in the notice itself, but in a draft complaint provided as an attachment.
III
This case involves an interpretation of the notice requirements set forth in the Navajo Sovereign Immunity Act. Whether the Appellants complied with the requirements is a question of law. Chapo v. Navajo Nation, 8 Nav. R. 447, 456, 5 Am. Tribal Law 384 (Nav.Sup.Ct.2004) (“The notice requirements of the Navajo Sovereign Immunity Act, 1 N.N.C. §§ 551 et seq., are jurisdictional, 1 N.N.C. § 555(A), and whether a plaintiff complied with them is a question of law.”). Questions of law are reviewed de novo with no deference given to the district court’s determination. Id. (citing Dale Nicholson Trust v. Chavez, 8 Nav. R. 417, 424, 5 Am. Tribal Law 365 (Nav.Sup.Ct.2004)).
IV
The Appellants argue that the district court erred in its dismissal because they fully complied with 1 N.N.C. § 555(A)(2) of the Act by providing the necessary information in a draft complaint attached to a properly served notice to sue, and that the Act does not require that the necessary information be provided within the notice to sue itself. Appellants contend that subsection 555(A)(2) does not require that the necessary information be on the face of the notice to sue, when that information is otherwise properly served on the required officials to give them notice of an impending suit. They submit that their notice with a draft complaint attached to it serves that purpose when taken together because the notice of intent to sue “provided all of counsel’s contact information, and the name and identity of the plaintiff. The attached complaint detailed the claims and relief that would be sought against the defendant, and provided the name and identity of the defendant.” Appellant’s Opening Brief at 5. We disagree.
Through the Act, the Nation has set forth circumstances under which it may be sued, and also sets forth detailed and precise methods by which suits may be commenced. 1 N.N.C. § 555(A) addresses the service method, timing of service, and contents of a notice of intent to sue as jurisdictional condition precedents. The plain language of subsection 555(A)(2) provides, unambiguously, that “[sjuch notices shall state” the necessary information as set forth in the subsection, not that the information may be contained in a separate document to be incorporated by reference. In other words, the plain reading of subsection 555(A)(2) dictates that the required information must be stated on the face of the notice of intent to sue itself in order for the procedural conditions required for suit to be brought against the sovereign to be satisfied.
We have previously found that each piece of information required to be contained in the notice of intent to sue, pursuant to subsection 555(A)(2), is a “jurisdictional condition precedent” for any claim for which immunity is waived under the Act. See Chapo v. Navajo Nation, 8 Nav. R. 447, 456, 5 Am. Tribal Law 384 (Nav.Sup.Ct.2004), cited and analyzed in Judy v. White, 8 Nav. R. 510, 532, 5 Am. Tribal Law 418 (Nav.Sup.Ct.2004) (pre-action notice requirements are jurisdictional). In Judy, we also stated that “[i]t is without question that our government cannot be sued except by its expressed consent. The Navajo Sovereign Immunity Act is the expression of that consent. It provides the means and manner by which suit will be brought against the sovereign ... limits suits against the sovereign to certain subject matters, [and] sets strict procedural *15 preconditions to suit.... ” Judy v. White, 8 Nav. R. at 532, 5 Am. Tribal Law 418.
The Act was drafted and enacted by the Council in 1980. Navajo Tribal Council Res. CMY-42-80 (May 6, 1980). In the minutes of that session, the notice procedure was thoroughly discussed, and successfully proposed to be re-written upon the comment that “No action may be brought against the Navajo Nation directly or indirectly without first given [sic] written notice by General Counsel 30 days prior to the filing of any such action. Such notice must state the nature of the claim .... ” Clarifying the Sovereign Immunity of the Navajo Nation at 358, Record of the Navajo Tribal (April 30, 1980) (emphasis added). Thereafter, subsection 555(A)(2) (previously codified at 7 N.T.C. § 855(a)(2)) was drafted to conform to the intent of the Council.
In 1985, the Council met again to address concerns that “procedures that are spelled out [in the 1980 version of 1 N.N.C. § 555(A) ] were too general or were being misunderstood by people who were filing actions against the Navajo Nation.” Amending the Navajo Sovereign Immunity Act at 934, Record of the Navajo Tribal Council (July 25, 1985) (discussion of Navajo Tribal Council Res. CJY-55-85). The government lawyer advising the Council spoke directly to the issue of notice content raised in this case. Noting the 30-day waiting period before a plaintiff can file a complaint in court under the Act, the government lawyer said:
As you will recall, there was an action filed in the McCabe case with the Attorney General or with the Chairman of the Navajo Nation. Those two were done sort of simultaneously, at the same time the [notice] was filed with the Chairman, he was given a copy of the complaint. That isn’t proper under the existing sovereign immunity law . ..

Id,

It is clear from the above minutes that it was never the intent of the Council that a full complaint be attached to the notice to sue. Each document has its place and purpose: the notice to sue is served on Navajo Nation officials 30 days before the complaint is filed in court; after the 30 day period passes, the complaint is then served with all due formality on the officials along with a summons. The delivery of a proposed complaint to a governmental bureaucracy well before it is filed in court may cause confusion when received by various government offices, especially when the contents of the draft complaint are assumed not to be final until filed, and may well be substantially revised, prior to the actual filing.
The legislative history indicates the Council’s intent to distinguish the notice to sue from the complaint. It is also clear that Council did not intend for the complaint to be submitted as part of the notice to sue.
The 1 N.N.C. § 555(A)(2) requirement that the necessary information, including the nature of the claim and relief sought, is to be stated on the notice itself comports with ííshjáni ádoolnííl which would call for clarity and conciseness in important governmental communications. Ííshjáni ádoolnííl, the Diñé concept of clarity, is a fundamental principle of Navajo law. Office of Navajo Nation President and Vice-President v. Navajo Nation Council (sometimes cited as Shirley v. Morgan), 9 Am. Tribal Law 46, 58 (Nav.Sup.Ct.2010) (citing Milligan v. Nav. Tribal Utility Auth., 6 Am. Tribal Law 731, 734-35 (Nav.Sup.Ct.2006)), Such clarity and conciseness would include the proper conveyance and placement of required information in the expected document.
*16 This Court has upheld the right of the Navajo Nation to assert the defense of sovereign immunity in suits brought against it. Navajo Nation v. RJN Constr. Mgmt, Inc,, 10 Am. Tribal Law 265, 274-75 (Nav.Sup.Ct.2012) (citing Dennison v. Tucson Gas and Elec. Co., 1 Nav. R. 95 (Nav.Ct.App.1974); Halona v. MacDonald, 1 Nav. R. 189 (Nav.Ct.App.1978); Keeswood v. The Navajo Tribe, 2 Nav. R. 46 (Nav.Ct.App.1979)). It is a right that springs from a long-held common-law right of immunity from suits as enjoyed by tribal governments and other governments.[2] The Navajo Nation Council codified its inherent immunity in the Act and set forth specific and express conditions under which immunity is waived and the Navajo Nation can be sued. We have held that language that waives immunity must be clear and express, without ambiguity. See Nav. Hous. Auth. v. Dana, 5 Nav. Rep. 157, 159 (Nav.Sup.Ct.1987). 1 N.N.C. § 555(A)(2) is unambiguous, and its express conditions must be met.
V
The Court hereby AFFIRMS the dismissal for lack of subject matter jurisdiction of both of Appellants’ complaints for failure to comply with the jurisdictional condition precedents specified in 1 N.N.C. § 555(A)(2).

. 1 N.N.C. § 555 was amended by Navajo Nation Council Res. CJA-06-10 on February 23, 2010 to require that parties notify the Chief Legislative Counsel in addition to the President and the Attorney General.

. The inherent right of tribal governments to immunity from suit is recognized in the highest court of the federal jurisdiction. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (holding that Indian tribes possess common law immunity from suits as enjoyed by other governments).